Morgan, J.
Plaintiff was tbe owner of four promissory notes executed by S. M. Montgomery, three of which were executed on the twenty-fourth May, 1861, for $5000 each, and one on the thirteenth January, 1862, for $640. The notes were secured by mortgage.
On the tenth November, 1863, plaintiff instituted suit against Montgomery iu the Third District Court of New Orleans, to recover the *51 amount of these notes and to make the property mortgaged liable therefor. At the time the suit was instituted, Montgomery was not in New Orleans. A curator ad hoe was appointed to represent him. The Third District Court on the twelfth December, 1863, rendered judgment in favor of the plaintiff for, First — $ 15,000; Second — $650; and Third — $782, attorney’s fees with lien and privilege on the property mortgaged. On the fifteenth July, 1865, the defendant, Montgomery, appearing in his own name through counsel, moved the court for a devolutive appeal, which was granted. Pending the appeal Montgomery died. His widow qualified as natural tutrix to their minor child and made herself, through her counsel, a party to the suit.
On the tenth of June, 1867, the judgment of the district court was affirmed. In the meanwhile execution had issued on the judgment, the property mortgaged was seized and, on the fifth February, 1864, sold to the plaintiff. Plaintiff claims that there is a balance of .$7002 60 due him on the judgment.
This suit is instituted against the representative of the succession of Montgomery to cause the plaintiff to be recognized as a creditor of the estate in the above amount, to be paid in due course of administration. The petition was filed on the fifth December, 1871. The answer was filed on the twenty-first December, 1871. The case seems to have lingered along until the first September, 1874, when, on motion of plaintiff’s counsel, it was’fixed for trial on the eleventh September, 1874.
On that day the defendant plead the prescription of five and ten years.
To take the case as stated by the counsel for plaintiff. The action is based, either on the judgment of thé Third District Court of New Orleans, or on the notes secured by mortgage on which that judgment was obtained. His position is that in neither case was prescription acquired on the fifth December, 1871, when the present suit was instituted. He states the proposition that a legal interruption of prescription takes place when suit has been instituted before a eourt of justice against the debtor. The authorities he brings forward to support his position probably do so. And if taken thus broadly stated, his answer would be complete. But according to his _own statement the claim of plaintiff is based on the balance due him on the judgment in his favor of the Third District Court, which, by execution issued thereon, was not satisfied for its full value. It is, therefore, he says, a claim based on a judgment affirmed by this court. The judgment of the Third District Couit, as we have seen, was rendered on the twelfth December, 1863. It was affirmed on the tenth June, 1867.
He contends, first, that prescription commenced to run on this judgment on the tenth June, 1867; and second, that this suit having been *52 instituted on the fifth December, 1871, prescription had not then been accomplished, and that it was interrupted by the suit.
First — In the case of Arrowsmith v. Durell, 2L An. 295, it was expressly decided that a devolutive appeal from a final judgment does not suspend or interrupt prescription pending- the appeal.
In Walker v. Succession of Hays, 23 An. 176, it was held that a suspensive appeal did not interrupt prescription, which, the court said began to run on the day the judgment of the District Court was signed. And, in the case of Byrne, Vance & Co. v. Garrett, 23 An. 587, the same conclusion was reached. We may, therefore, conclude that his first proposition is not supported by authority.
Second — In Wade ®. Caspar;', 24 An. 211, it was held thata judgment is prescribed by the lapse of ten years from its rendition. And in the succession of Hardy 25 An. 489, it was held that the prescription of a judgment can only be averted by complying with the requirements of the act of 1853.
The act of 1853 provides that “all judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgment, provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed by having a citation issued according to law, to the defendant or his representative, from the court which, rendered the judgment.’’ R. S. No. 2813.
Now the directions of the statute are positive. To revive a judgment, citation must issue from the court which rendered the judgment-To revive the judgment nowsought to be enforced citation should have issued from the Third District Court. This was not done.
It is, however, contended that inasmuch as the judgment was not prescribed when this suit was instituted, prescription was interrupted. But while this case was sleeping on the docket of the Second Court, prescription was running against the judgment in the Third Court. Nothing prevented the plaintiff from instituting proceedings to revive the judgment. Instead of doing this he instituted proceedings to have the judgment paid by the tutrix in due course of administration. When he came to try his case, the foundation upon which it rested— the judgment — had been destroyed by time. The suit in the Second Court can in no sense be considered as a suit to revive the judgment of the Third Court, and if it were, the Second Court, under the statute, had no power to revive it.
We conclude, therefore, that the plea of prescription must prevail. It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided annulled and reversed, and that there be ■judgmentin favor of the defendant with costs in both courts.
Rehearing refused.